# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Amanda Branville Case No.: 26-32559

Debtor(s). Chapter 7 Case

## NOTICE OF HEARING AND MOTION TO COMPEL ABANDONMENT AND TO SHORTEN THE TIME TO OBJECT TO EXEMPTIONS

TO: The debtor(s) and other entities specified in the applicable Federal Rules of Bankruptcy Procedure and Local Rule 9013-2.

1. Debtor(s) Amanda Branville ("Movant(s)") moves the court for the relief requested below and gives notice of hearing.
2. The court will hold a hearing on this Motion on Wednesday, September 8, 2026 at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 2B, Warren E. Burger United States Courthouse, 316 North Robert St., St. Paul, MN 55101, before the Honorable Mychal A. Bruggeman. The parties may appear at the hearing via WebEx Video conferencing using this link: https://us-courts.webex.com/wbxmjs/joinservice/sites/us-courts/meeting/download/092649aa242a45b9837de28ef7d30923?MTID=m594b0fb9729997da1232f37f296571ef.
3. Any response to this motion must be filed and served not later than Wednesday, September 1, 2026, which is seven days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.
4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 7 case was filed on August 6, 2026. The case is now pending in this court.
5. This motion arises under 11 U.S.C. §§ 105, 108, 541, and 554, Fed. R. Bankr. P. 4003(b), 6007 and 9006(c), and Minn. Stat. § 510.01. This motion is filed under Fed. R. Bankr. P. 9013 and Local Rule 9013-2. Movant requests relief with respect to an order directing the trustee to abandon Debtor's exempt homestead and to an order shortening the time to object to Debtor's claimed exemptions.
6. Under 11 U.S. Code § 554(b), this Court may order the trustee to abandon any estate

property that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

7. Movant filed her case using Minnesota exemptions, including the Minnesota homestead exemption, codified in Minnesota Statutes §510.01 et seq. Under this statute, Movant(s) have up to $510,000 of equity to protect their homestead.

8. Movant listed her homestead and current principal residence on Schedules A/B. The homestead is commonly known as: 19650 Dover Drive, Farmington, MN 55024, and legally known as Lot 22, Block 2, Parkview Ponds, Dakota County, Minnesota. The property's fair market value listed on Schedule D is $525,000.

9. Movant(s) listed on Schedule D three liens encumbering the property:

    1. Lien 1: $252,299 in favor of Carrington Mortgage Services, LLC

    2. Lien 2: $62,000 in favor of US Bank Home Mortgage

    3. Lien 3: $194,763 in favor of Internal Revenue Service

10. The property is the homestead for Debtor and Debtor's non-filing spouse, and the home of their three young children.

11. The property was foreclosed after a sheriff's sale on February 11, 2026. The Debtor had until August 10, 2026 to redeem the property under Minnesota law. Debtor filed her bankruptcy on August 6, 2026, before the expiration of the Minnesota statutory redemption period. Pursuant to Section 108(b)(2) of the Bankruptcy Code, Debtor now has until October 5, 2026 to redeem the property.

12. Debtor's bankruptcy schedules list equity in the property of approximately $15,938. The homestead is thus exempted in full pursuant to Minn. Stat. § 510.01 et seq.

13. The property is therefore of no or inconsequential value to the estate.

14. Debtor and Debtor's non-filing spouse have potential financing in place to redeem their home on or before October 5, 2026.

15. Under Fed. R. Bankr. P. 4003(b)(1), the time period permitting objections to Movant's claimed exemptions expires 30 days after the first scheduled Meeting of Creditors. Movant's scheduled meeting is August 28, 2026. The standard time period permitting objections in this case expires on September 27, 2026.

16. Under Fed. R. Bankr. P. 9006(c)(1), this Court may, for cause shown, shorten the time period during which to object to Debtor's claimed exemptions of estate property.

Zoho Sign Document ID: 2CB9E7EC-RQ4NBZV7YQKNJRZ9AKC3SEFQNGLR7F37T5WS_8NCEJS

17. Sufficient cause exists to shorten the time period because Debtor must redeem the homestead no later than October 5, 2026, and a standard 30-day time period permitting objections would mean a deadline of September 27, 2026, eight days before the redemption deadline, which is insufficient time to complete the redemption.

18. Therefore, Debtor asks that this Court reduce the time period to object to the Debtor's exemptions under Bankruptcy Rule 4003(b)(1) so that she may be given the opportunity to redeem her home. For this reason, she respectfully asks that the court enter an order that requires parties in interest to file any objections to her exemptions no later than September 11, 2026, which is 14 days after the scheduled Meeting of Creditors.

WHEREFORE, Debtor asks this Court for an order (1) reducing the time period to object to the Debtor(s)' claimed exemptions to September 11, 2026, (2) permitting the Clerk of Court to produce a certificate of exempt property immediately thereafter in the event no objections are filed, and (3) compelling the bankruptcy trustee to abandon the property after the expiration of this period.

Dated: August 12, 2026

/s/ Joshua Peterson

Joshua Peterson
Bar No. 0388165
4356 Nicollet Avenue South
Minneapolis, MN 55409
T: (612) 824-4357
joshua@bankruptcytruth.com

Attorneys for Debtor(s).

Zoho Sign Document ID: 2CB9E7EC-RQ4NBZV7YQKNJRZ9AKC3SEFQNGLR7F37T5WS_8NCEJS

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Amanda Branville

Case No.: 26-32559

Debtor(s).

Chapter 7 Case

## VERIFICATION

I, Amanda Branville, declare under penalty of perjury that I have read the foregoing documents and that they are true and correct to the best of my knowledge, information and belief.

Dated: Aug 13 2026 09:36 CST

X Amanda Branville
Amanda Branville

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Amanda Branville

Case No.: 26-32559

Debtor(s).

Chapter 7 Case

**MEMORANDUM OF LAW SUPPORTING MOTION TO COMPEL ABANDONMENT AND TO SHORTEN THE TIME TO OBJECT TO EXEMPTIONS**

TO: The debtor(s) and other entities specified in the applicable Federal Rules of Bankruptcy Procedure and Local Rule 9013-2.

Debtor submits this Memorandum of law and facts in support of her motion to compel abandonment and to shorten the time to object to exemptions.

**Facts**

The facts pertinent to this motion are laid forth in the antecedent "Notice of Hearing and Motion," and are incorporated by reference herein.

**The Court should compel the trustee to abandon the property because it is of no value to the estate.**

The bankruptcy estate is composed of all legal and equitable interests that the debtor possesses at the time the case is filed. 11 U.S.C. §§ 541(a)(1). Property of the estate that is not abandoned remains property of the bankruptcy estate. This Court may compel the trustee to abandon estate property that is either burdensome or that is of inconsequential value to the bankruptcy estate. Id. (b). The court need not consider speculative factors when determining whether abandonment is appropriate, nor should the Court deny a request to compel abandonment based on speculative scenarios which may or may not occur in the future. *In re Nelson*, 251 B.R. 857, 860—61 (B.A.P. 8th Cir. 2000) (quoting *Vu v. Kendall* (*In re Vu*), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000)). Abandonment revests title of the property in the debtor and thus gives the debtor the right to dispose of it without Court or trustee approval. 11 U.S.C. § 554.

The scope of a state-created exemption is determined by state law *(Jensen v. Dietz (In re Sholdan)*, 217 F.3d 1006, 1008 (8th Cir. 2000)). Proceeds from the sale of estate property are included in the bankruptcy estate. 11 U.S.C. § 541(a)(6). Proceeds from the sale of a debtor's homestead are exempt for up to one year after the sale.

Zoho Sign Document ID: 2CB9E7EC-RQ4NBZV7YQKNJRZ9AKC3SEFQNGLR7F37T5WS_8NCEJS

Minn. Stat. § 510.07 is a "double exemption," protecting both a currently-occupied and -owned homestead, and the proceeds of sale of a former homestead. *In re Ehrich*, 110 B.R. 424, 427—28 (Bankr. D. Minn. 1990) (citation omitted).

Debtor's real property at issue here is entirely exempt under Minn. Stat. § 510.01 et seq., and as such, is of inconsequential value and benefit to the estate. Section 510.01 et seq. protects real property that the Debtor uses as a residence. As noted in the petition and schedules, Debtor, her spouse, and three young children live in the home.

Debtor and Debtor's non-filing spouse have arranged financing to redeem the home before the applicable expiration date. The property is encumbered by multiple liens, which total to at least $509,062. Remaining proceeds, if any, after a redemption will fall well within Minn. Stat. § 510.02's exemption limit of $510,000. Further, Debtor shares a one-half interest in the property with her non-filing spouse, reducing any potential proceeds to Debtor by an additional 50%.

11 U.S.C. § 549(a) permits the bankruptcy trustee to avoid any unauthorized post-petition transfer of estate property. To enable Debtor to complete financing and redeem the property free of post-petition avoidance risk, an order compelling abandonment is required. Because the Debtor's real property is entirely exempt under Minn. Stat. § 510.01 et seq, it is of no value and benefit to the estate. For these reasons, Debtor respectfully asks this Court to order its abandonment under § 554(b).

**This Court should shorten the time period to object to a claim of exemption.**

Fed. R. Bankr. P. 4003(a) requires a debtor to list property claimed as exempt on the schedule of assets filed with the Court. A party in interest may file an objection to the list of property claimed as exempt within 30 days after the conclusion of the Debtor's Section 341 Meeting of Creditors, or within 30 days after any amendment to the list or supplemented schedules is filed, whichever is later. Fed. R. Bankr. P. 4003(b)(1). Fed. R. Bankr. P. 9006(c) permits this Court in its discretion and for cause, with or without motion or notice, to shorten the time period under Rule 4003(b).

The Meeting of Creditors is scheduled for August 28, 2026. The currently scheduled time for objecting to Debtor's claim of exemption expires 30 days after the conclusion of the Meeting of Creditors, which is September 27, 2026.

As of this writing there have been no objections to Debtor's claimed exemption of the property under Minn. Stat. § 510.01 et seq. For the reasons stated above, Debtor asks that this Court reduce the time period to object to Debtor's exemptions under Bankruptcy Rule 4003(b)(1) so that she may timely proceed with the financing of the

Zoho Sign Document ID: 2CB9E7EC-RQ4NBZV7YQKNJRZ9AKC3SEFQNGLR7F37T5WS_8NCEJS

redemption of the homestead prior to October 5, 2026. She asks the Court to enter an order that requires parties in interest to file objections to her exemptions no later than September 11, 2026, which is 14 days after the scheduled date for the Meeting of Creditors.

Dated: August 12, 2026

/s/ Joshua Peterson

Joshua Peterson
Bar No. 0388165
4356 Nicollet Avenue South
Minneapolis, MN 55409
T: (612) 824-4357
joshua@bankruptcytruth.com

Attorneys for Debtor(s).

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Amanda Branville | Case No.: 26-32559

Debtor(s). | Chapter 7 Case

## ORDER COMPELLING ABANDONMENT AND SHORTENING THE TIME TO OBJECT TO EXEMPTIONS

This matter came before the court on Debtor's motion to compel abandonment and to reduce the time period during which objections may be made for Debtor's claimed exemptions. Based on the contents of the motion, the filings, the records, and the proceedings herein—

**IT IS ORDERED:**

1. The time to object to Debtor's claimed exemptions is shortened to September 11, 2026;

2. The Clerk of Court may issue a certificate regarding the exempt property immediately after that time; and

3. The trustee shall, immediately after that time, abandon any interest in Debtor's real property at 19650 Dover Drive, Farmington, MN 55024, and described as follows:
Lot 22, Block 2, Parkview Ponds, Dakota County, Minnesota.

**BY THE COURT:**

Dated: X ______________________________

Mychal A. Bruggeman
United States Bankruptcy Judge

Zoho Sign Document ID: 2CB9E7EC-RQ4NBZV7YQKNJRZ9AKC3SEFQNGLR7F37T5WS_8NCEJS

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Amanda Branville

Bky: 26-32559

Debtor(s).

---

**CERTIFICATE OF SERVICE**

I, Joshua Peterson, declare under penalty of perjury that on August 13, 2026, I mailed a true copy of the foregoing by first class mail, postage prepaid, or by electronic mail using ECF, to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Matthew D. Swanson, Chapter 7 Trustee
121 S. 8th St. Ste 1450
Minneapolis, MN 55402

All creditors on the attached list.

And by Certified Mail to:

Wells Fargo
c/o Chief Executive Officer
420 Montgomery St
San Francisco, CA 94104-1207

TD Bank USA, N.A.
c/o Chief Executive Officer
2035 Limestone Road
Wilmington, DE 19808

U.S. Bank National Association
c/o Chief Executive Officer
800 Nicollet Mall
Minneapolis, MN 55402

Synchrony Bank
c/o Chief Executive Officer
170 W. Election Road, Suite 125
Draper, UT 84020

Capital One, N.A.
c/o Chief Executive Officer
1680 Capital One Drive
McLean, VA 22102

Dated: August 13, 2026

/s/Joshua Peterson

Banfield Pet Hospital
18101 SE 6th Way
Vancouver, WA 98683

Best Egg
Po Box 42912
Philadelphia, PA 19101

Capital One Bank (USA), N.A.
Po Box 30285
Salt Lake City, UT 84130

Capital One/Menards
Po Box 30285
Salt Lake City, UT 84130

Carrington Mortgage Services, LLC
500 N. State College Blvd. Suites 1030,
Orange, CA 92868

CREDIT COLLECTION SERVICES
725 Canton Street
Norwood, MA 02062

D.S Erickson and associates, PLLC
7650 Edinborough Way
Suite 500
Minneapolis, MN 55435

GM FINANCIAL
PO Box 650595
Dallas, TX 75265-0595

Huntington Bank
Po Box 1558
Columbus, OH 43216

IC SYSTEM INC
Po Box 64378
Saint Paul, MN 55164

Internal Revenue Service
PO Box 931000
Louisville, KY 40293-1000

Joshua Michael Branville
19650 Dover Drive
Farmington, MN 55024

MIDLAND CREDIT MANAGEMENT
320 E BIG BEAVER RD STE
TROY, MI 48083

Minnesota Department of Revenue
600 Robert St N
Saint Paul, MN 55101

Minnesota unemployment Insurance
180 East Fifth Street
St. Paul, MN 55101

SYNCB/CARE CREDIT
777 Long Ridge Rd
Stamford, CT 06902

TARGET/TD
P.O. Box 660170
Dallas, TX 75266-0170

Target/TD Bank, USA, N.A.
PO Box 1331
Minneapolis, MN 55440

Trott Law PC
25 Dale Street North The Academy Profess
Saint Paul, MN 55102

United States Trustee
300 South Fourth Street
1015
Minneapolis, MN 55415

US Bank Home Mortgage
800 Nicollet Mall
Minneapolis, MN 55402

Walker and Walker Law Offices
4356 Nicollet Ave South
Minneapolis, MN 55409

Wells Fargo
420 Montgomery Street
San Francisco, CA 94104